IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTH CENTRAL HOUSTON ACTION COUNCIL, INC. d/b/a CENTRAL CARE INTEGRATED HEALTH SERVICES PLAINTIFF, | § § § § § § | |
| v. | § § § | CIVIL ACTION NO. _____ **JURY REQUESTED** |
| ERIC D. HARGAN, Acting Secretary, U. S. Department Health and Human Services DEFENDANT. | § § § § § | |

**PLAINTIFF SOUTH CENTRAL HOUSTON ACTION COUNCIL'S ORIGINAL COMPLAINT AND REQUEST FOR RELIEF PENDING REVIEW**

To the Honorable United State District Judge:

Plaintiff **SOUTH CENTRAL HOUSTON ACTION COUNCIL, INC. dba CENTRAL CARE INTEGRATED HEALTH SERVICES,** "Plaintiff" files this petition complaining of defendant ERIC D. HARGAN, "Defendant" and in support respectfully shows:

**A. PARTIES**

1. Plaintiff, South Central Houston Action Council Inc. d/b/a Central Care Integrated Health Services ("Central Care"), is a federally qualified health center headquartered at 8610 Martin Luther King Blvd, Houston, Texas 77033.

2. Defendant, Eric D. Hargan ("Hargan"), is Acting Secretary of the U.S. Department of Health and Human Services (HHS). He may be served with process by serving US Department of Health and Human Services Office of the General Counsel, 200 Independence Ave. S.W. Washington, D.C. 20201.

1

## B. JURISDICTION

3. This court has jurisdiction over the subject matter of this dispute under 28 U.S. Code §1331, in that this controversy arises under a federal question of law.

4. Specifically, the Health Resources and Services Administration ("HRSA"), a division of the United States Department of Health and Human Services ("HHS"), violated 42 U.S. Code § 2000d, et. seq., which is subject to judicial review pursuant to 42 U.S. Code §§ 2000d-2, known as Title VI of the Civil Rights Act of 1964. HHS by its actions have violated and will violate the Americans with Disabilities Act, 42 U.S. Code § 12101.

## C. VENUE

5. Venue is proper in the Southern District of Texas under 29 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rose to the claim occurred in this judicial district.

## D. FACTS

6. Central Care is a federally qualified health center as defined by 42 U.S. Code § 254b(a) located in Houston, Texas. It has provided primary health care services to low-income, predominantly African-American and Hispanic, persons in the metropolitan area since 1992. It currently operates six facilities including Sunnyside/South Park, Third Ward and other underserved areas in the city where residents have low or no income and no access to medical services. Many persons with disabilities in the affected areas have essentially no means to travel to other locations to obtain access to medical care and CCIH's local community based provision of medical services is key to their access to medical care. Additionally, its staff members are primarily African-American and Hispanic. It is funded primarily through operating grants from

HRSA's Health Center Program. 42 U.S. Code § 254b(e).  Termination of such funds to CCIHS will literally mean the difference of life or death for many in the Houston area.

7. Central Care previously recruited doctors from the National Health Scholar Corps ("NHSC"). HRSA officials failed to update Plaintiff's active status on NHSC. NHSC is a recruitment entity of HRSA, where doctors provide medical services in underserved areas where there are disparities or barriers to patients. In return, the doctors receive student loan guarantees. 42 U.S. Code § 254b(d).  Sometime in early 2015 Defendant suspended providing NHSC doctors without notice and without written explanation to CCIHS.  When Plaintiff did receive notice from HRSA that it would be ineligible to recruit from the NHSC pending compliance with enumerated conditions. Plaintiff took immediate remedial action and on July 19, 2016, Plaintiff received notice that it had sufficiently complied to be returned to active status.  To this date CCIHS is unaware of what objective standards it did not comply with to be denied NHSC doctors.  However, HRSA failed to actually update Central Care's status to active until May of 2017.  This was a clear violation of Title VI, it is Plaintiff's information and belief that HHS provided lower benefits, fewer services and subjected CCIHS to harsher rules than predominately nonminority communities.  As a result of HRSA's failure, Central Care was unable to offer student loan guarantees to recruits from the NHSC and this had a severe negative impact on Central Care's ability to recruit a sufficient number of doctors.

8. Because of HRSA's actions which prevented Central Care from recruiting a sufficient number of providers, Central Care's performance metrics regarding its patient care fell.  According to HRSA, Central Care scored 89 in its last assessment whereas it had previously scored better when able to recruit from NHSC. Plaintiff specifically lost points because it could not provide an adequate number of medical providers, it lost points for customer interaction, and it lost points

for billing due to its shortage of qualified health care professionals. All areas adversely impacted due to HRSA designating Central Care ineligible to receive NHSC doctors without due process and without informing Central Care why it was deemed ineligible to receive NHSC doctors.

9. In March of 2017, Plaintiff received notice that invited all Federally Qualified Health Centers in Houston to submit funding applications for the six service clinics for which it receives grants. Plaintiff submitted its applications as it had done for the previous fifteen (15) years. In December of 2017, HRSA informed Central Care that, for the year 2018, it was awarding the grants which had been continuously awarded to Central Care since 2002 to another applicant which had allegedly scored higher using the HRSA's Objective Review Committee's (ORC) criteria.

10. Without the grants, Plaintiff will be forced to shutter all six of its facilities, which will negatively impact more than one million underserved, primarily African-American and Hispanic, individuals in the Houston Metropolitan area by depriving them of access to primary health care services.

### E. CAUSES OF ACTION
### COUNT 1- 5 U.S. Code § 701, et. seq.

11. HRSA's agency actions, and failures to act, have caused a legal wrong to Central Care in the form of the impending deprivation of grants rightfully belonging to it due to HRSA's own failures. This agency action is subject to judicial review pursuant to 5 U.S. Code § 702.

12. Central Care seeks injunctive relief prohibiting HRSA from awarding the grants rightfully belonging to it to a competing applicant due to HRSA's violation of its own rules and though its own errors. Such violation of their own rules and such errors systematically sabotaged CCIHS's ability to meet metrics imposed by HHS. Metrics which are not objective and that have been used by HHS in an arbitrary and capricious manner to the detriment of CCIHS.

4

**COUNT 2 - 42 U.S. Code § 2000d, et. seq.**

13. HRSA's agency actions, and failures to act, exclude, deny, and/or discriminate against the customers and employees of Central Care on the on the ground of race, color, or national origin, under any program or activity receiving Federal financial assistance.

14. Central Care seeks injunctive relief prohibiting HRSA from awarding the grants rightfully belonging to it to a competing applicant on the ground of race, color, or national origin.

**F. REQUEST FOR RELIEF PENDING REVIEW PURSUANT TO 5 U.S. CODE § 705**

15. Plaintiff causes of action against defendant under 5 U.S. Code § 701, et. seq and 42 U.S. Code § 2000d. and a probable right to the relief sought in this action.

16. If this Court does not postpone the effective date of HRSA's cessation of providing grants to Central Care and/or preserve Central Health's status and/or rights pending the review of these proceedings, Central Health will suffer irreparable injury, for which damages alone would not be adequate compensation.  This harm is not speculative.  HHS has called to schedule meetings to commence to wind down CCIHS's medical services to the underserved community that it serves.  Central Care will be forced to cease operations entirely, leaving more than one million people without adequate healthcare, and many more without gainful employment.  *Packard Elevator v. I.C.C.,* 782 F. 2d 112, 115 (8th Cir. 1986) (monetary loss that threatens existence of a business may constitute irreparable harm).  Should HRSA's administrative action later be reversed and funding restored to Central Care, it would not be in a position to resume operations at such future time if grant funding does not remain continuous.  Clearly, this is a matter where injunctive relief is warranted due to the actions of HHS destroying the existence of CCIHS.

17. Accordingly, Central Care seeks a temporary injunction prohibiting HRSA from ceasing to provide operating grants to the Plaintiff during the pendency of these proceedings.

18. Plaintiff will suffer immediate and irreparable injury, loss, or damage before notice can be

5

served on defendant and a hearing can be held on plaintiff's application for a temporary injunction.

19. As described above, defendant has engaged in wrongful acts that have caused irreparable injury to plaintiff, for which plaintiff has no adequate remedy at law, in that HRSA intends to cease funding the Plaintiff, which will force it to cease operations entirely. Accordingly, on final judgment, plaintiff seeks a permanent injunction prohibiting defendant from ceasing to fund it in violation of 42 U.S. Code § 2000d, et. seq.

### G. ATTORNEY'S FEES

20. This is a suit brought pursuant to title VI of the Civil Rights Act of 1964. Pursuant to 42 U.S. Code § 1988, plaintiff seeks to recover its reasonable attorney's fees from defendant.

### G. JURY DEMAND

21. Plaintiff demands a jury trial on all triable issues of fact.

### H. PRAYER

22. This For these reasons, Plaintiff asks that the Court do the following:

   a. Issue a temporary restraining order to continue in force until a day set for hearing on the application for a temporary injunction, or until the further order of this court, restraining defendant from ceasing to provide funding to the plaintiff;

   b. Set a date and time for a hearing on the application for a temporary injunction and that defendant be cited and notified to appear at that time to answer in this action;

   c. On hearing, a temporary injunction be granted and a writ of injunction issue commanding defendant to continue providing funding to the plaintiff pending the outcome of these proceedings.

d.  On final hearing, issue a permanent injunction providing that defendant shall continue to provide funding to the plaintiff in accordance with the Constitution and the laws of the United States;

e.  Award plaintiff costs of suit;

f.  Award plaintiff a reasonable attorney's fee under 42 U.S. Code § 1988(b), and;

f.  Award plaintiff any other and further relief to which plaintiff is entitled.

Respectfully submitted,
**LAW OFFICES OF REGINALD E. MCKAMIE, SR., P.C.**

By: _____
Reginald E. McKamie, Sr.
TBN 13686750
SDTX No.: 8303
Law Office of Reginald E. McKamie Sr., P.C.
1900 West Gray, Unit 131558
Houston, TX 77219
713-465-2889
Fax: 713-583-1409
reginaldmckamie@gmail.com
**LEAD ATTORNEY FOR PLAINTIFF**

/s/ Timberly Davis
Timberly J. Davis
TBN 24040772
SDTX No.: 796518
T.J. Davis Law Firm, PLLC
2101 Crawford, Suite 309
Houston, TX 77002
713-224-7400
Fax: 713-224-7402
timberlydavis@hotmail.com
**CO-COUNSEL FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTH CENTRAL HOUSTON ACTION COUNCIL, INC. d/b/a CENTRAL CARE INTEGRATED HEALTH SERVICES PLAINTIFF, | § § § § § § | |
| v. | § § § | CIVIL ACTION NO. _____ |
| ERIC D. HARGAN, Acting Secretary, U. S. Department Health and Human Services DEFENDANT. | § § § § | |

| | |
|---|---|
| STATE OF TEXAS | § |
| HARRIS COUNTY | § |

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared La Toya D. Darden, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is La Toyo D. Darden. I am capable of making this verification. I am the CEO for Plaintiff South Houston Action Council, Inc. in the above-captioned case. I have read the Plaintiff South Central Action Council's Original Complaint and Request for Relief Pending Review. The facts stated in it at paragraphs 6 - 10 are within my personal knowledge and are true and correct to the best of my knowledge."

_____
La Toya D. Darden

Sworn to and subscribed before me by La Toya D. Darden. on December 22, 2017.



_____
Notary Public, State of Texas